**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO: 21-84** |
| **CHRISTOPHER JOHNSON** | **SECTION: "S"** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that defendant's **Motion for Appointment of Counsel** (Rec. Doc. 435) is **DENIED**;

**IT IS FURTHER ORDERED** that defendant's **Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)** (Rec. Doc. 429-1) is **DENIED** without prejudice for failure to exhaust administrative remedies.

## BACKGROUND

On August 23, 2023, defendant Christopher Johnson was convicted of conspiracy to distribute more than 1 kilogram of heroin, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), and 846, and possession with intent to distribute more than 100 grams of heroin, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B), and Title 18, United States Code, Section 2. Johnson was sentenced to 84 months in prison, and is now serving his sentence at Yazoo City Low FCI, with an anticipated release date of June 28, 2028.

Johnson has filed a motion for compassionate release pursuant to 18 U.S.C. § 352(c)(1)(A), arguing that extraordinary and compelling reasons are present that justify his early

release. The government opposes the motion, contending that Johnson has failed to exhaust his administrative remedies and that he has not demonstrated reasons so extraordinary and compelling that he is deserving of a reduced sentence. In connection with his reply memorandum, Johnson has also filed a motion seeking appointment of counsel to assist him in his request for compassionate release.

**I. Appointment of Counsel**

There is no general constitutional right to appointed counsel in post-conviction proceedings, except in cases where the court holds an evidentiary hearing. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); United States v. Vasquez, 7 F.3d 81, 83 (5th Cir. 1993). Moreover, while a "person for whom counsel is appointed shall be represented at every stage of the proceedings from his initial appearance before the United States magistrate judge or the court through appeal, including ancillary matters appropriate to the proceedings," 18 U.S.C. § 3006A(c), a post-conviction reduction motion brought under 18 U.S.C. § 3582 is generally not considered to be "ancillary" as contemplated by that rule. See United States v. Garcia, 689 F.3d 362, 364 (5th Cir. 2012)(quoting 18 U.S.C. § 3006A(c)) (other citations omitted); see also, United States v. Moore, 400 F. App'x 851, 852 (5th Cir. 2010)("There is no right to appointed counsel in a § 3582(c)(2) proceeding."). Because defendant's motion is brought pursuant to 18 U.S.C. § 3582, he is not entitled to appointment of counsel 18 U.S.C. § 3006A(c).

Moreover, while 18 U.S.C. § 3006A(2)(b) grants federal district courts discretionary power to appoint counsel to indigent individuals seeking relief when "the interests of justice so require," that provision is applicable only when a defendant has raised factually and/or legally

complex issues that cannot be adequately presented to the court without the assistance of counsel. United States v. Diaz, No. 22-40044, 2023 WL 1879404, at *3 (5th Cir. Feb. 10, 2023). That is not the case here, and accordingly, Johnson is not entitled to appointment of counsel in this case.

## II. Motion for Compassionate Release

### *Applicable Law*

Defendant's motion for compassionate release is premised on 18 U.S.C. § 3582(c)(1)(A). Under that provision, the court,

> upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment ... after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that–(i) extraordinary and compelling reasons warrant such a reduction.... and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

Thus, to prevail on a motion for compassionate release, a defendant must: (1) exhaust his remedies within the BOP; (2) demonstrate that extraordinary and compelling reasons support compassionate release; (3) demonstrate that compassionate release is consistent with applicable policy statements; and (4) demonstrate that it is consistent with the objectives of 18 U.S.C. § 3553. 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13.

The requirement that a defendant file a request with the BOP before filing a motion in federal court is a mandatory, but non-jurisdictional, claim-processing rule. United States v. Franco, 973 F.3d 465, 467 (5th Cir. 2020). Thus, exhaustion is mandatory if properly raised, but

may be waived or forfeited by an opposing party. Nutraceutical Corp. v. Lambert, 139 S. Ct. 710, 714 (2019).

***Discussion***

In this case, the government has not waived the exhaustion requirement, but rather invoked it. The government's exhaustion argument is twofold: first, that Johnson has not demonstrated that the BOP ever received his request for compassionate release, and second, that the email he did send seeks relief on a basis different than that provided in his motion, so even if the claims in the email where exhausted, those presented here are not.

In support of his motion, Johnson has provided a copy of an email purportedly sent to the warden of his facility seeking compassionate release. Johnson argues that the date stamp on the provided email is conclusive of its receipt. The email reflects that it was sent on February 27, 2026 and is addressed to "Warden LOW", a subheading addresses "Warden Turner", and the salutation reads "Dear AW Woods." It does not indicate the BOP email address to which it was sent or even which facility to which it was sent. In addition, the United States has represented to the court that it reached out to the BOP and was informed that they had no record of receiving a compassionate release request from Johnson. On these facts, the court cannot conclude that the email was ever received by the BOP, and thus the 30-day waiting period has not commenced.

Further, a defendant's motion for compassionate release must be based on the same grounds as those contained in his request for release to the warden of the facility where he is housed. United States v. Martinez-Hernandez, 2026 WL 2280646, at *5 (E.D. Tex. Aug. 6, 2026) (citing United States v. Dodd, 2020 WL 7396527, at *2 (E.D. Tex. Dec. 17, 2020); accord

United States v. Gonzalez, 849 F. App'x 116, 117 (5th Cir. 2021) (other citations omitted). In this case, different grounds are set forth in the email purportedly sent to the warden and the motion filed in this court. In the email, Johnson bases his request on his "positive institutional record, significant program completion, lack of disciplinary history, low custody status, and the substantial portion of [his] sentence already served." Rec. Doc. 429-6. The instant motion seeks relief due to "personal circumstances—hazardous conditions he cannot mitigate, profound rehabilitation, and family needs." Rec. Doc. 429, 11. Thus, even if the warden had received the email, defendant has not exhausted the claims presented here. "It is well-settled that the exhaustion requirement is not satisfied when the defendant previously sought administrative relief on a different ground than the ground presented to the district court." United States v. DeJean, No. 2:18-CR-120, 2025 WL 3687269, at *3 (E.D. La. Dec. 19, 2025) (citing United States v. Rivas, 833 F. App'x 556, 558 (5th Cir. 2020) (other citations omitted).

As well, the court notes that the email supplied does not comply with the requirements for submitting a compassionate release request under 28 C.F.R. § 571.61 because, while it asserts that defendant has "family and community support awaiting upon release", it does not actually describe defendant's proposed release plans. See § 571.61(a)(2).

The requirement that a defendant exhaust administrative remedies is not an arbitrary hurdle but rather ensures that "prison administrators can prioritize the most urgent claims" and "investigate the gravity of the conditions supporting compassionate release and the likelihood that the conditions will persist." United States v. Alam, 960 F.3d 831, 835 (6th Cir. 2020). To overlook the exhaustion requirement would undermine the "orderly system for reviewing

compassionate-release applications" and "incentivize[ ] line jumping" by allowing a defendant to present grounds for compassionate release to the court that the BOP has not had the opportunity to consider. Id. at 834.

As the foregoing establishes, Johnson has failed to exhaust his administrative remedies, and "[b]ecause the Government properly raised the rule requiring exhaustion in the district court, 'the court **must** enforce the rule.' " United States v. Harper, No. 24-30275, 2024 WL 4664018, at *1 (5th Cir. Nov. 4, 2024) (quoting Franco, 973 F.3d at 468) (other internal citations omitted) (emphasis in original)). Accordingly,

**IT IS HEREBY ORDERED** that defendant's **Motion for Appointment of Counsel** (Rec. Doc. 435) is **DENIED**;

**IT IS FURTHER ORDERED** that defendant's **Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A**) (Rec. Doc. 429-1) is **DENIED** without prejudice for failure to exhaust administrative remedies.

New Orleans, Louisiana, this 9th day of October, 2026.

Mary Ann Vial Lemmon

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**